**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH GRICE,

    Petitioner,

vs.

JOHN MARSHALL, Warden,

    Respondent.

No. C 07-2490 PJH (PR)

**ORDER TO SHOW CAUSE; GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS**

Petitioner, a California prisoner currently incarcerated at the California Men's Colony in San Luis Obispo, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis and has filed other motions.

Venue is proper because the conviction was obtained in San Francisco County, which is in this district. *See* 28 U.S.C. § 2241(d).

**BACKGROUND**

A jury convicted petitioner of arson causing great bodily injury, arson of an inhabited structure, and aggravated mayhem with great bodily injury. He was sentenced to prison for life with the possibility of parole. He unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California denied review.

**DISCUSSION**

*A. Standard of Review*

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases in the Federal District Courts, 28 U.S.C. foll. § 2254.

*B. Legal Claims*

As grounds for federal habeas relief, petitioner asserts that: (1) There was insufficient evidence to support his conviction; (2) his due process rights were violated when the trial court failed to sua sponte instruct on the lesser-included offense of mayhem; (3) trial counsel was ineffective in not discovering and presenting evidence of self-defense; (4) his due process rights were violated by the trial court's limits on impeachment of a prosecution witness; and (5) his due process, compulsory process and trial-by-jury rights were violated by the trial court's failure to sua sponte instruct on imperfect self-defense with respect to the mayhem charges. These claims are sufficient to require a response.

*C. Motions*

Petitioner has filed a "Motion for Discovery." It would assist the court to have a response to this motion, so it will not be ruled upon now.

He also has filed a "Motion for Nunc Pro Tunc" in which he asks the court to treat the petition as filed earlier than it actually was because of alleged misconduct by the state. Because no one has raised a timeliness issue at this point in the case, the motion will be denied without prejudice to petitioner's raising the arguments again if respondent moves to dismiss on statute of limitations grounds.

**CONCLUSION**

1. Leave to proceed in forma pauperis (document number 9 on the docket) is **GRANTED**. Petitioner's earlier motion to proceed IFP (document number 2 is **DENIED** as moot. Petitioner's motion "Nunc Pro Tunc" (document number 5 on the docket) is **DENIED**

without prejudice.

2. The clerk shall serve by regular mail a copy of this order, the petition, and document number five on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file a response to the motion for discovery within thirty days of the date this order is entered. Petitioner may file a reply with fourteen days of the date the response, if he wishes to do so.

4. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer. If respondent files such a motion, petitioner may file a response within thirty days of service of the motion, and respondent may a reply within fifteen days of service of the response.

6. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 5, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\BRICE490.OSC

3