1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GERALD A. ENGLER
Senior Assistant Attorney General
4 | PEGGY S. RUFFRA
Supervising Deputy Attorney General
5 | JOHN R. VANCE, JR., State Bar No. 51744
Deputy Attorney General
6 |  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA  94102-7004
7 |  Telephone:  (415) 703-5864
   Fax:  (415) 703-1234
8 |  Email:  John.Vance@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **JOSEPH GRICE,** | C 07-2490 PJH (PR) |
| Petitioner, | **RESPONDENT'S MOTION TO DISMISS PETITION AS UNEXHAUSTED** |
| v. | |
| **JOHN MARSHALL, Warden,** | |
| Respondent. | |

### INTRODUCTION

Respondent moves to dismiss the petition because it contains an unexhausted claim.

A motion to dismiss in lieu of an answer on the merits is proper where the petition is procedurally defective. *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4, and Advisory Committee Notes.

///

///

## STATEMENT OF THE CASE

On February 11, 2004, petitioner was sentenced to prison for life on his conviction for aggravated mayhem (Cal. Pen. Code, § 205) and other crimes.  Res. Exh. A.

The state court of appeal affirmed petitioner's convictions on December 16, 2005.  Resp. Exh. A

The state supreme court denied review on February 22, 2006.  Resp. Exh. B

Petitioner filed his federal petition on May 9, 2007.

## ARGUMENT

### ONE OF PETITIONER'S CLAIMS IS UNEXHAUSTED

For reasons of comity, a state prisoner must first present both the factual and legal bases for his claims to the state court before seeking collateral relief in the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9 (1992) (exhaustion requires "full factual development" of the claim).  A claim of ineffective assistance of counsel based on particular grounds is not exhausted where different grounds for ineffective assistance were raised in state court. *Pappageorge v. Sumner*, 688 F.2d 1294 (9th Cir. 1982); *See Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005) (Sixth Amendment claim that counsel was ineffective for failing to challenge admissibility of confession did not exhaust Fifth Amendment claim that confession was improperly induced);  *Carriger v. Lewis*, 971 F.2d 329, 333-34 (9th Cir. 1992) (en banc).

Petitioner states claim three in his federal petition as follows: "Trial counsel's failure to collect evidence in support of the self-defense argument caused a domino affect [sic] of violations.  Further, it did not allow facts to be fully developed which denied petitioner a fair trial."  Federal Petition, 6.  This Court issued an order to show on this claim, which it construed as raising a claim as "(3) trial counsel was ineffective in not discovering and presenting evidence of self-defense."  Order, 2.  However, that claim has not been exhausted in state court.

Petitioner did raise a claim in state court that he received ineffective assistance because the court did not *instruct* on imperfect self-defense, which the state court rejected.  Resp. Exh. A ("Grice next argues that if the superior court had no *sua sponte* duty to instruct on imperfect self-

1  defense in relation to the mayhem charges, then his trial counsel was ineffective because he failed
2  to request an imperfect self-defense instruction. We conclude that Grice's ineffective assistance of
3  counsel claim is unsupported by the record.).  Petitioner raised the same claim in the state supreme
4  court.  Resp. Exh. C, 22 (Petition For Review).

However, petitioner's current claim in this Court is not that counsel was ineffective because he failed to request an *instruction* on imperfect self-defense, but that counsel failed to develop and present *evidence* to support a theory of imperfect self-defense.  As noted above, when a petitioner relies on a different factual basis for a claim of ineffective assistance of counsel than that presented in state court, the federal claim is not exhausted.[1]

---

1. In the memorandum attached to his federal petition, petitioner states that his conviction "was obtained as the result of ineffective assistance at trial. Counsel failed to alert the trail [sic] court that it was making an error in the instructions. This violated petitioner's right to the effective assistance of counsel and a fair trial, as guaranteed by the United States Constitution and the Sixth and Fourteenth Amendment thereto." Petition, 8-9. To the extent petitioner is attempting to raise two different grounds for his claim of ineffective assistance claim, he clearly did not present the primary ground, failure to present evidence, in the state court. Petitioner raises the second ineffective assistance claim, not in the petition itself, but in an attachment. While this Court has issued on order to show cause on that ineffective assistance of counsel claim, Order 2, we believe it is not properly before the Court because it was not included in the petition itself. In any event, this need not determine, at this time, because the petition contains a clearly unexhausted claim.

**CONCLUSION**

Consequently, respondent respectfully requests this Court dismissed the petition without prejudice for failure to exhaust state remedies. See *Piler v. Ford*, 542 U.S. 225 (2002)..

Dated: August 21, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General


/s/  John R. Vance, Jr.
_____
JOHN R. VANCE, JR.
Deputy Attorney General
Attorneys for Respondent

Resp's motion to Dismiss Petition.wpd
SF2007401543

Respondent's Motion To Dismiss Petition as Unexhausted         *Joseph Grice v. John Marshall, Warden*
                                                                                                          C 07-2490 PJH (PR)

## **DECLARATION OF SERVICE BY U.S. MAIL**

Case Name:  *Joseph Grice v. John Marshall, Warden*    No.: **C 07-2490 PJH (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>August 23, 2007</u>, I served the attached:

**RESPONDENT'S POINTS AND AUTHORITIES OPPOSING PETITIONER'S REQUEST FOR DISCOVERY**; and
**RESPONDENT'S MOTION TO DISMISS PETITION AS UNEXHAUSTED**

by placing a true copies thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Joseph Grice
V-30099
P.O. Box 8101
San Luis Obispo, CA 93409-8101

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 23, 2007, at San Francisco, California.

|  J. Espinosa  |  /s/ J. Espinosa  |
| :---: | :---: |
| Declarant | Signature |

20101591.wpd