# EXHIBIT B

# RT 418

**MS. MATTHEWS:** It is.

And we will also withdraw 2.70, and ask the Court for 2.71, Admission Defined.

**THE COURT:** All right. 2.70, confession and admission defined has been withdrawn.

The People are proposing 2.71, admission defined.

Does the defense have any objection?

**MR. GAYLE:** Yes, Your Honor. Mr. Grice objects. He didn't make any admissions. His statements were that he acted in self-defense. There's no admission here. So we object.

**MS. MATTHEWS:** He admitted to Maria Casteel that he threw something on Ali and lit a match, set him on fire. He admitted to Inspector Levin that he threw gasoline on Mr. Ali, Mr. Ward. I mean, I could go on. I believe there are plenty of instances of admissions by the defendant such, that this is an appropriate instruction.

**THE COURT:** All right. I agree. I'm going to give this instruction.

All right. 2.80, expert testimony.

2.81, opinion testimony.

**MR. GAYLE:** Object to that. I don't believe there was any lay witness that was asked to give an opinion.

**MS. MATTHEWS:** I don't believe that would qualify Chris Murphy as an expert. And I can't remember. I don't think we also qualified Dr. Durlacher either. So we would certainly have the opinions of those two people. That would be appropriate to merit this instruction.

**MR. GAYLE:** My recollection is they were qualified.