UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH GRICE,

        Petitioner,

  vs.

JOHN MARSHALL, Warden,

        Respondent.

                                       /

No. C 07-2490 PJH (PR)

**ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY AND GRANTING MOTION TO DISMISS**

Petitioner in this pro se habeas case has moved for leave to conduct discovery and respondent has filed a motion to dismiss.

**A.    Motion for Discovery**

Petitioner moves for leave to conduct discovery. *See* Rule 6(a), Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254 (no discovery in habeas cases except with leave of court upon showing of good cause). He has, however, not provided any explanation why the evidence he hopes to discover was not discovered and entered into the record before this, for instance by way of an evidentiary hearing in state court, nor has he provided any specific details about the information he expects to discover – that is, he wants to engage in a fishing expedition. The motion to allow discovery will be denied.

**B.    Motion to Dismiss**

Respondent contends that the petition is mixed and should be dismissed.

In the order to show cause the court described petitioner's issue three as follows: "[T]rial counsel was ineffective in not discovering and presenting evidence of self-defense." Respondent asserts that this issue is not exhausted.

///

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available[1] with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his or her habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. *Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1996). A claim is "fairly presented" only if the petitioner either referenced specific provisions of the federal constitution or federal statutes, or cited to federal or state case law analyzing the federal issue. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). The specific factual basis of the federal claim also must be presented to the highest state court. *Kelly v. Small*, 315 F.3d 1063, 1067-69 (9th Cir. 2003) (finding unexhausted ineffective assistance of counsel and prosecutorial misconduct claims where specific instances of ineffectiveness and misconduct asserted in federal petition were neither in the California Supreme Court petition nor discussed by the court of appeal).

The United States Supreme Court held in *Rose v. Lundy*, 455 U.S. 509 (1982), that federal courts must dismiss a habeas petition which contains one or more unexhausted claims. *Id.* at 522 (1982). If the petition combines exhausted and unexhausted claims, *Rose v. Lundy* requires dismissal of the entire habeas petition without reaching the merits of any of its claims. *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). However, the rule

---

[1] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *Id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *Id.* at 1006 n.3.

is not as absolute as might first appear. *Rose* itself provides that the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the court can then consider those which remain. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). And there are two other exceptions: One is that when the petition fails to raise even a colorable federal claim, it may be denied even if it is partly or entirely unexhausted, 28 U.S.C. § 2254(b)(2), and the other is that rather than dismiss, the court may stay a mixed petition to allow the petitioner to return to state court to exhaust the unexhausted issue or issues, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Petitioner filed a direct appeal from his conviction. It was affirmed by the California Court of Appeal and the California Supreme Court denied review. He does not contend that he filed any state habeas petitions. In the federal habeas petition issue three is very clear: "Petitioner submits that trial counsel was ineffective at trial. Violating the right to effective assistance." The facts in support are: "Trial counsel's failure to collect evidence in support of the self-defense argument caused a domino effect of violation. Further, it did not allow facts to be fully developed which denied the petitioner a fair trial." Respondent has provided a copy of petitioner's petition for review in the California Supreme Court, and no such ineffective assistance issue is contained in it. Mot. to Dismiss, Ex. C. It thus is clear that petitioner did not present issue three to the highest state court available, the California Supreme Court.

Petitioner contends that he did raise the substance of issue three in the California Supreme Court by arguing that if there was no duty for the trial court to instruct sua sponte on imperfect self-defense, counsel was constitutionally ineffective in failing to request such an instruction. This is by no means the same as issue three, which goes to counsel's duty to discover evidence of self-defense and to present it at trial. Petitioner's argument that he sufficiently presented issue three in state court is wrong. And petitioner's contention that his lack of an evidentiary basis made raising the issue in state court futile is wrong, because in a state habeas action he might have been able to obtain an evidentiary hearing. The motion to dismiss will be granted.

**CONCLUSION**

1. Petitioner's motion for leave to engage in discovery (document number 4 on the docket) is **DENIED**.

2. Respondent's motion to dismiss (document number 15 on the docket) is **GRANTED**.

3. Petitioner may chose from three possible courses of action: (1) he may dismiss this petition with an eye to exhausting and then filing another federal petition;[2] (2) he may amend the petition to dismiss the unexhausted issue, and proceed with those which are exhausted;[3] or (3) he may ask for a stay of this case while he returns to state court to attempt to exhaust the ineffective assistance of counsel issue, then, if unsuccessful in state court, return here and ask that the stay be lifted. If he chooses the third option, asking for a stay, he must show "good cause" for his failure to exhaust sooner, that the issue is "potentially meritorious," and that he has not engaged in "dilatory litigation tactics." See *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

4. Petitioner must elect one of the three choices set out in section three within thirty days of the date this order is entered. If he does not, this case will be dismissed.

**IT IS SO ORDERED.**

Dated: March 3, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\GRICE490.MDSMSS.wpd

---

[2] This option is more apparent than real, because any subsequent federal petition would almost certainly be barred by the statute of limitations.

[3] If he chooses this option he probably will not be able to file a future federal petition containing the plea bargain issue, because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).