1  Joseph Grice
   CDC# V-30099
2  P.O. Box 8101
   San Luis Obispo, CA 93409-8101
3

4  In Pro-Se



IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE STATE OF CALIFORNIA-NORTHERN DISTRICT

| JOSEPH GRICE, | ) Case No. CV 07-2490 PJH (PR) |
|---|---|
| Petitioner, | ) NOTICE AND MOTION FOR ABEYANCE WITH<br>) MEMORANDUM OF POINTS AND AUTHORITIES<br>) IN SUPPORT THEREOF |
| vs. | ) |
| JOHN MARSHALL, Warden, | ) Hon. District Court Judge Phyllis J. Hamilton |
| Respondent. | ) |

To the Honorable District Court Judge in the above entitled cause for action. Petitioner Joseph Grice moves this court for an Abeyance order for his Petition for Writ of Habeas Corpus now pending before this court. This order is needed so that petitioner can exhaust the Ineffective Assistance of Counsel matter in issue three.

This motion is based on all the records and files listed under the above mentioned case number, and the attached memorandum of points and authorities.

//
//
//
//
//
//

Motion for Abeyance

Grice v. Marshall
CV 07-2490 PJH (PR)

1

MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner is entitled to wide latitude in bringing and arguing valid habeas claims. Haines v. Kerner, 404 U.S. 519 (1969). This guiding principle is based on the notion that prisoner's, proceeding without learned counsel, are bound to the same stringent pleading standards as are trained attorneys. While Petitioner agrees with respondent that the issue he thought had been exhausted in the State Supreme Court actually has not been, nonetheless, this confusion was not made in an attempt to circumvent procedures, but as a laymen who does not have a full grasp of the legal reasoning used by an attorney or court. This is supported by this court's ruling stating that, "Petitioner contends that he did raise the substance of issue three in the California Supreme Court by arguing that if there was no duty for the trial court to instruct sue sponte on imperfect self-defense, counsel was constitutionally ineffective in failing to request such an instruction. This is by no means the same as issue three, which goes to counsel's duty to discover evidence of self defense and to present it at trial." (03/03/08 Order at pg.3). Therefore, the Motion to Dismiss under the circumstances would be improper. Instead, the proper remedy is to issue an Abeyance order, for at least three reasons. First, as this court has already noted, "Issue three is very clear. The facts in support are: "Trial counsel's failure to collect evidence in support of the self-defense argument caused a domino effect of violations. Further, it did not allow facts to be fully developed which denied the petitioner a fair trial." As proof during trial proceeding defense counsel was so unprofessional that the People wanted him dismissed from the case because of his carelessness with discovery and evidentiary matters. In fact, the People stated in its "Opposition to Continuance" filed on July 3, 2003, that "This is not the first time the defense has lost or misplaced discovery. At defense request, the People have sent the same packet of police reports relating to the victim on three occasions on

Motion for Abeyance                                        Grice v. Marshall
                                                           CV 07-2490 PJH (PR)

1  October 7, 2003, April 18, 2003 and June 26, 2003. See Exhibit 2-three
2  'Acknowledgment of Discovery' forms for the same police reports." Further, "The
3  People request that new defense counsel be appointed." See: Exhibit A. CT Vol 1
4  pgs 39-40 (Peoples Opposition). Thus, what is clear at this point is that
5  Petitioner's issue three does have merit. For this reason this court should
6  issue an order for Abeyance.

7  Furthermore, because issue three does not raise a new question of law and
8  fact, it is most likely the petition will be summarily denied by the State
9  Supreme Court and then Petitioner can proceed with a joinder of claims in this
10 court. Secondly, it remains a matter of judicial economy to "avoid unnecessary
11 costs and delays" to just place the current case in abeyance and deal with all
12 the claims in the same proceedings. Third, it would demonstrate support for
13 Petitioner's claims that the facts were not fully developed in state court
14 proceedings and this would create a miscarriage of justice if denied review.
15 Thus, an abeyance order would be proper.

16 In the often cited precedent of Caldron v. United States District Court, et
17 al., 144 F.3d 618, at 620 (9th Cir (Cal.) 1988), the Circuit discussed the
18 "Withdrawal-and Abeyance" procedure stating that:

> "With regard to the "Withdrawal-and-Abeyance" procedure
> adopted by the district court, we have previously held that
> such procedure is entirely consistent with established law.
> See Taylor, 134 F.3d 981. While a petition with exhausted
> and unexhausted claims stricken from the petition, see
> e.g., Reutter v. Crandel, 109 F.3d 575 (9th Cir.), cert.
> denied,____U.S.____, 118 S.Ct. 142, 139 L.Ed.2d 89 (1997),
> We held in Taylor that the district court's
> withdrawal-and-abeyance procedure was not inconsistent with

Motion for Abeyance                                Grice v. Marshall
                                                   CV 07-2490 PJH (PR)

this rule.

[5] In Taylor, we noted that the Supreme Court in Rose v. Lundy "specifically provided habeas petitioner's with the option of amending their applications to delete unexhausted claims rather than suffering dismissal." Taylor, 134 F.3d at 986 (Citing Rose v. Lundy, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982)). Furthermore, Federal Rules of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. §2242, affords petitioner once as a matter of course. As such, district courts can allow petitioners to strike unexhausted claims from their petition and resubmit an Amended Petition including only the exhausted claims.

[6] In Taylor, we also reaffirm the authority of district courts to hold a petition with exhausted claims in abeyance. See e.g., Greenwalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), cert. denied, ___ U.S. ___, 117 S.Ct. 794, 136 L.Ed.2d 735 (1997) ("A district court has discretion to stay a petition on the merits."). As such, a district court does not err in holding an amended habeas petition with exhausted claims in abeyance.

Petitioner is of course obliged to ensure that all of his claims that could result in federal habeas relief are properly brought and fully exhausted in the State Courts. He was not attempting to thawrt this principle regarding his first petition.

As such, the court should deny the states Motion to Dismiss but grant the petitioner's request for an abeyance order to allow the State Supreme Court to dispose of the issue. As stated, this method would be in the best interest of

Motion for Abeyance                                  Grice v. Marshall
                                                     CV 07-2490 PJH (PR)

4

the courts as a matter of judicial economy, because the issue is expected to be denied by the States Highest Court for lack of new legal question.

### REQUEST FOR ABEYANCE ORDER

Petitioner in pro-se, respectfully request that the court grant this request for abeyance, for the reasons stated above.

### CONCLUSION

The court should Deny respondent's Motion to Dismiss and Grant the request for Abeyance of the original petition for writ of habeas corpus filed April 20, 2008, until the State Supreme Court has a chance to dispose of Petitioner's issue three.

Dated: March 23, 2008

Respectfully submitted,

*Joseph Grice*
Joseph Grice, Petitioner
In Pro-Se

### VERIFICATION

I, Joseph Grice, swear under Penalty of Perjury by the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge. Submitted this 23 day of March, 2008, at San Luis Obispo, California.

*Joseph Grice*
Joseph Grice, Petitioner
In Pro-Se

Motion for Abeyance

Grice v. Marshall
CV 07-2490 PJH (PR)

**Exhibit A**



1  TERENCE HALLINAN
   District Attorney
2  Cheryl Matthews #136484
   Assistant District Attorney
3  880 Bryant St.
   San Francisco, CA. 94103
4  (415) 553-1752

SUPERIOR COURT OF THE CITY AND COUNTY OF

SAN FRANCISCO, STATE OF CALIFORNIA

PEOPLE OF THE STATE OF CALIFORNIA,  )   COURT NO. 189083 / 2071079
PLAINTIFF,                           )
                                     )
                                     )   OPPOSITION TO CONTINUANCE
vs.                                  )   OF TRIAL
                                     )
                                     )   DATE: July 7, 2003
JOSEPH GRICE,                        )   TIME: 9 A.M.
DEFENDANT.                           )   DEPT: 22
                                     )

PLEASE TAKE NOTICE that on the above date, time and in the above noted department of the superior court, the People will oppose Defendant Grice's Motion to Continue the jury trial based on the lack of discovery.

**FACTS**

Defendant Grice is accused of setting victim Ward on fire. When victim Ward was taken to the hospital, the hospital and then the police obtained his back pack. Ward's backpack contained items that appeared to belong to others such as drivers' licenses, checks, letters, altered identifications, credit cards, a knife, receipts, a book called Conversational Arabic, altered pieces of metal and other miscellaneous items. Copies of these items were discovered to Defendant through

1

counsel on October 7, 2002. A xerox copy of the discovered material and the "Acknowledgement of Discovery" is attached as Exhibit 1. The material discovered on Oct. 7, 2002 includes copies of the very items listed by defense as "newly" discovered material, such as altered or false identifications, xerox copy of the altered metal, paperwork for numerous people and the knife.

This is not the first time the defense has lost or misplaced discovery. At defense request, the People have sent the same packet of police reports relating to the victim on three occasions on Oct. 7, 2003, April 18, 03 and June 26, 03. See Exhibit 2 -three "Acknowledgement of Discovery" forms for the same police reports.

It is possible that defense counsel has confused material found in the victim's back pack with material that was seized from the hotel manager. If that is the case, the confusion may be dispelled with the help of Insp. Levin, and the trial may proceed.

## SPEEDY TRIAL RIGHTS OF THE PEOPLE

The People are ready for trial. Victim Meshach Ward is terribly scarred, disabled and in danger of infection. He will never fully recover. The People assert the right to a speedy trial pursuant to Article I, Section 29 and Article I, Section 28, the Victim's Bill of Rights as well as P.C. 1050(a).

The court may deem a continuance necessary to ensure a fair trial; however, the People request that new defense counsel be appointed.

DATED: July 3, 2003

RESPECTFULLY SUBMITTED,
TERENCE HALLINAN
District Attorney

Cheryl Matthews
Assistant District Attorney

2

DECLARATION OF SERVICE BY U.S. MAIL

Case Name: Joseph Grice v. John Marshall, Warden.

Court: U.S. District Court, Northern District Court of California

Case No.: CV 07-2490 PJH (PR)

Document Title: Notice of Motion for Abeyance with

                Memorandum of Points and Authorities in Support Thereof.

I, Joseph Grice, declare that I am over the age 18 years, and am a party to this action. I am a state prisoner confined at the California Men's Colony-East facility at P.O. Box 8101, Highway One, San Luis Obispo, California 93409-8101. On the date I have placed into the mailing system a copy of the above entitled document, and addressed it to the addreses below with the proper postage affixed thereto:

John R. Vance, Deputy A.G.      U.S. District Court
455 Golden Gate Avenue, Ste-11000  Northern District of California
San Francisco, CA 94102-7004     450 Golden Gate Avenue
                                      San Francisco, California 94102-3483

I declare under penalty of perjury, that the forgoing is true and correct.

Dated: March 23, 2008, at San Luis Obispo County, California.

Signed: _Joseph Grice_ CDC# V-30099