UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH GRICE,

          Petitioner,                       No. C 07-2490 PJH (PR)

  vs.                                        **ORDER STAYING CASE**

JOHN MARSHALL, Warden,

          Respondent.

                                        /

       This is a habeas case brought by a state prisoner. On March 3, 2008, the court granted respondent' motion to dismiss the petition as mixed and informed petitioner of his options. He has chosen to ask for a stay while he exhausts in state court.

       District courts have authority to stay mixed petitions to allow exhaustion. *Rhines v. Webber*, 544 U.S. 269, 277 (2005). Such stays can, however, only be granted upon a showing of good cause for petitioner's failure to exhaust the issues before filing the federal petition, and a showing that the issues which the petitioner proposes to exhaust are "potentially meritorious." *Id.*

       As to good cause, petitioner alleges that he thought he had exhausted, but was confused by legal distinctions not easily grasped by laypersons. He has shown good cause for the delay.

       As to whether the issues are "potentially meritorious," the unexhausted issue is a contention that defense counsel was ineffective, and in support points to the prosecutor's request before trial that new defense counsel be appointed because of existing counsel's carelessness. This is sufficient to show that the issue is potentially meritorious.

///

Petitioner has met the standard set out in *Rhines*. To the extent his filing on March 31, 2008, is a motion, it is **GRANTED**. This case is **STAYED** to allow petitioner to present his unexhausted issues in state court, presumably by way of state petitions for habeas corpus. If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted.

The stay is subject to the following conditions:

(1) petitioner must institute state court habeas proceedings within thirty days of this order; and

(2) petitioner must notify this court within thirty days after the state courts have completed their review of his claims or after they have refused review of his claims.

If either condition of the stay is not satisfied, this court may vacate the stay and act on this petition. *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back.").

The clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened and the stay vacated upon notification by petitioner in accordance with section (2) above.

**IT IS SO ORDERED.**

Dated: April 3, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\GRICE490.STAY.wpd